IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DEIVI ORLANDO PEREZ HERNANDEZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-25-CV-684-KC |
| PAMELA BONDI et al., | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Deivi Orlando Perez Hernandez's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Perez Hernandez is held in immigration detention at the ERO El Paso Camp East Montana facility in El Paso, Texas. Am. Order Transferring Case 3, ECF No. 42. He argues that his detention is unlawful and asks the Court to order his release. Pet. ¶¶ 27–35.

Perez Hernandez has been in the country since 2021 and was apprehended and detained by immigration authorities for the first time about two months ago. *Id.* ¶¶ 16–18. In its Show Cause Order, ECF No. 45, the Court noted that, "[a]s alleged, [Perez Hernandez's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Perez Hernandez's case warrant a different outcome." *Id.* at 1.

Respondents conceded that "[n]o material differences exist" between *Martinez* and this case. *See* Resp. 10, ECF No. 46. Indeed, throughout its many decisions on this topic, the Court

has already rejected every legal argument raised in the Response. *Compare* Resp. 1–10, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025). It is Respondents' prerogative to preserve these arguments for appeal. Nevertheless, where they acknowledge that this case is materially indistinguishable from the Court's prior decisions, it follows that the same result is warranted here.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Perez Hernandez's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before January 14, 2026**, Respondents shall either: (1) provide Perez Hernandez with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Perez Hernandez's continued detention; or (2) release Perez Hernandez from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before January 14, 2026**, Respondents shall **FILE** notice informing the Court whether Perez Hernandez has been released from custody. If Perez Hernandez has not been released from custody, Respondents shall inform the Court

---

[1] The relevant facts are undisputed, *see* Resp. 1–2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the January 14, 2026, deadlines.**

**SO ORDERED**.

**SIGNED this 7th day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE