IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DEIVI ORLANDO PEREZ HERNANDEZ, § § § | |
| Petitioner, § § | |
| v. § | CAUSE NO. EP-25-CV-684-KC |
| § § | |
| PAMELA BONDI et al., § § § | |
| Respondents. § | |

## ORDER SETTING HEARING

On this day, the Court considered the case. On January 7, 2026, the Court granted in part Perez Hernandez's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an Immigration Judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Jan. 7, 2026, Order 2–3, ECF No. 48. Respondents were to comply by no later than January 14, 2026. *Id.*

On January 14, Respondents informed the Court that Perez Hernandez received a bond hearing that day. Status Report, ECF No. 49. They submitted an Order of the IJ, signed by IJ Dean S. Tuckman, which states that Perez Hernandez was denied bond. *Id.* Ex. A ("IJ Order"), ECF No. 49-1. The IJ's explanation states, in full:

> DHS has met its burden, imposed by the United States District Court, of proving by clear and convincing evidence that the Respondent [that is, Perez Hernandez] presents a risk of flight that cannot be sufficiently addressed by a bond.

*Id.*

The following day, January 15, Respondents filed a Supplemental Status Report, ECF No. 50.  There, they informed the Court that the bond hearing had been conducted without Perez Hernandez's presence.  *Id.*  They further stated:

> At the hearing, the [IJ] asked [Perez Hernandez's] counsel if he wished to proceed with the hearing without his client's presence.  [Perez Hernandez's] counsel stated it is not what he wanted to do but given the court ordered deadline, he would proceed without his client present.  The [IJ] accepted counsel's waiver of his client's presence and proceeded with the bond hearing.  The [IJ] then allowed both attorneys to make their arguments.  ICE counsel argued that [Perez Hernandez] has no apparent relief available to him in immigration court that would allow him to remain in the United States, which made him unlikely to appear for proceedings if released.  The IJ found [Perez Hernandez] was a flight risk and that it could not be mitigated by posting of a bond.  After the [IJ] issued his decision [Perez Hernandez's] counsel stated he objected to holding the hearing without his client present.

*Id.*

Also on January 15, Perez Hernandez filed a Motion to Enforce, ECF No. 51, seeking his immediate release from custody due to irregularities in the bond proceeding.  Perez Hernandez disputes some of Respondents' assertions and provides additional information.  Perez Hernandez states that his counsel did not waive his presence at the hearing.  Br. Support Mot. Enforce 5, ECF No. 51-6.  Instead, "[c]ounsel objected at the beginning of the hearing, and again at the end."  *Id.*  And "[t]he [IJ] stated that he would note for the record Counsel's objection."  *Id.*  Perez Hernandez's attorney also requested that if the hearing were to proceed without his client's physical presence, that he be allowed to appear via videoconference or telephone.  *Id.*  That technology exists, "[i]mmigration hearings often occur via videoconference," and indeed, an attorney appeared at the January 14 bond hearing via videoconference.  *Id.*  In response to this request, the IJ "stated something to the effect that 'his presence would not change anything.'"  *Id.*  Perez Hernandez offers to submit the audio recording of the hearing to corroborate his description of events.  *Id.* at 4 n.1, 5 n.2.

2

Perez Hernandez additionally states that Perez Hernandez was not at the hearing because "he had not been allowed to board the ICE bus." *Id.* at 4–5. Perez Hernandez's United States citizen fiancée also traveled from Pennsylvania to El Paso, Texas, to attend the hearing, but was "not allowed in the immigration court proceedings." *Id.* at 6. The IJ apparently stated on the record that "she had gone to the bathroom." *Id.*

"ICE submitted no evidence," other than "this Court's Order." *Id.* Instead, they argued "without evidence—that [Perez Hernandez's] removal proceedings would end with his deportation to some country, be it his own or another, and that he therefore had no right to a bond." *Id.* For his part, Perez Hernandez submitted documentary evidence, including "identity documents for his United States citizen fiancée, a bond sponsor affidavit from his fiancée, photographs, and employment verification." *Id.* at 4. The IJ "found ICE had met its burden of proof by clear and convincing evidence," with little explanation, only "parroting" the ICE attorneys' "conjecture about the outcome of [Perez Hernandez's] future removal proceedings." *Id.* at 7.

If Perez Hernandez's allegations are true, it appears that the bond hearing was not held in meaningful compliance with this Court's instructions. Accordingly, the Motion to Enforce is **TAKEN UNDER ADVISEMENT** and this case is **SET** for a **HEARING <u>in person</u>** on **<u>Tuesday, January 20, 2026, at 1:00 p.m.</u>** in Courtroom 522, United States Courthouse, 525 Magoffin Ave., El Paso, Texas 79901.

**IT IS FURTHER ORDERED** that <u>**Respondents must ensure the presence of the following people at the hearing**</u>:

(1) Petitioner Deivi Orlando Perez Hernandez. *See* 28 U.S.C. § 2243 ("[T]he person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.");

(2) The attorney who represented ICE at the January 14 bond hearing; and

(3) An attorney who represents Respondents in this habeas proceeding.

**IT IS FURTHER ORDERED** that <u>**Perez Hernandez's attorneys must ensure their own presence at the hearing**</u>. If Perez Hernandez was represented by different counsel at the January 14 bond hearing than his counsel in this habeas proceeding, both attorneys' presence is required at the January 20 hearing.

**IT IS FURTHER ORDERED** that, prior to the hearing, the parties shall follow the instructions of the Courtroom Deputy, who will contact the parties via email, to submit exhibits. Perez Hernandez's attorneys shall submit the audio recording of the January 14 hearing, together with any other exhibits.

**SO ORDERED**.

**SIGNED this 16th day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE