IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **DEIVI ORLANDO PEREZ HERNANDEZ,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § § | **CAUSE NO. EP-25-CV-684-KC** |
| **PAMELA BONDI et al.,** | § § § § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the case.  On January 14, 2026, Respondents informed the Court that a bond hearing was held in compliance with the Court's prior order in this matter and bond was denied.  Status Report, ECF No. 49; *see* Jan. 7, 2026, Order 2–3, ECF No. 48.  The parties then informed the Court that the bond hearing proceeded without Petitioner's presence.  Respondents argued that Petitioner's counsel waived his client's presence.  Supp. Status Report, ECF No. 50.  Petitioner's counsel stated that he did not and asked the Court to order Petitioner's immediate release.  Mot. Enforce, ECF No. 51.

On January 20, the Court held a hearing in this habeas proceeding, at which counsel played an audio recording of the bond hearing in immigration court.  *See* Hr'g, ECF No. 53.  Counsel for all parties also participated in oral argument.  *Id.*

A proceeding in immigration court may only take place "in the absence of the alien," "where agreed to by the parties."  8 U.S.C. § 1229a(b)(2)(A)(ii).  After reviewing the audio recording of the hearing and considering the parties' arguments, it is unclear whether Petitioner's counsel agreed to proceed with the hearing without his client's presence.  On the one hand, there is no doubt that he went forward with the hearing.  On the other, at the beginning of the hearing,

he stated that he did not want to proceed without his client but thought that he had to do so to comply with this Court's order. And at the end of the hearing, he noted his objection more clearly and asked to continue the proceeding until later that day at a time when his client could participate, whether in person or over videoconference.

The Court is tasked, in this habeas proceeding, with determining whether Petitioner is detained without due process. And due process requires that Petitioner receive "the opportunity to be heard and . . . a meaningful assessment of whether he is dangerous or likely to abscond." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 686 (W.D. Tex. 2025). On this record, it does not appear that Petitioner has received that opportunity. However, the Court finds an order of immediate release to be too harsh a remedy, given the somewhat ambiguous position taken by Petitioner's counsel as to his client's absence from the bond hearing.

Therefore, the Motion to Enforce, ECF No. 51, is **GRANTED in part** and **DENIED in part**.

The Court **ORDERS** that, **on or before January 27, 2026**, Respondents shall either: (1) provide Petitioner with a bond hearing before an immigration judge, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision. **Petitioner's presence at the bond hearing is required, unless clearly and knowingly waived**.

**IT IS FURTHER ORDERED** that, **on or before January 27, 2026**, Respondents shall **FILE** notice informing the Court whether Petitioner has been released from custody. If Petitioner has not been released from custody, Respondents shall inform the Court whether and

when a bond hearing was held in accordance with the preceding paragraph.  Respondents shall

further inform the Court, in detail, of the reasons for the immigration judge's decision.

**There will be no extensions of the January 27, 2026, deadlines**.

**SO ORDERED**.

**SIGNED this 20th day of January, 2026.**


KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE